# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **No.  11 C 7099 / 02 CR 895-25** |
| | ) | |
| **DARRYL WILSON** | ) | **Judge Rebecca R. Pallmeyer** |

## MEMORANDUM ORDER

Petitioner Darryl Wilson pleaded guilty to four counts of distributing crack cocaine, and a jury found him guilty of a conspiracy count.  Although the court initially imposed a life sentence, it concluded, at a *Paladino* remand and in light of Sentencing Guideline amendments, that a 360-month sentence was appropriate.  Wilson appealed that sentence, but the Court of Appeals affirmed.  *United States v. Wilson*, 344 Fed. Appx. 259 (7th Cir. 2009).  Wilson now seeks relief from his conviction and sentence pursuant to 28 U.S.C. § 2255, arguing that he was deprived of the effective assistance of counsel at sentencing and on appeal.

## DISCUSSION

To establish ineffective assistance of counsel, Petitioner must show that his counsel was deficient and that this deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).   A failure to establish either element dooms Petitioner's claim. *Gant v. United States*, 627 F.3d 677, 682 (7th Cir. 2010) (citing *Eddmonds v. Peters*, 93 F.3d 1307, 1313 (7th Cir.1996)). Petitioner must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Strickland*, 466 U.S. at 689, and this court declines to "take up the role of the 'Monday morning quarterback,' " *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir.1990).

### Ineffective Assistance at Sentencing

The court first addresses Petitioner's claims that his attorney should have objected to the court's finding that he was responsible for distributing more than 1.5 kilograms of crack cocaine

and should have objected to mandatory application of the Sentencing Guidelines. Neither claim has merit.

The court's drug quantity finding was amply supported by the agents and cooperators who described Defendant's role in distributing at least 4.5 ounces of crack cocaine every couple of days for a two-year period (from July 1999 through 2001). Other witnesses suggested more modest activity: they said the conspiracy distributed 1/4 to 1/2 ounce of crack cocaine every three to four days. Even under the most conservative estimates, that amounts to more than 1.5 kilograms over the two-year period. Indeed, when Petitioner raised the drug quantity issue in connection with a motion for a sentence reduction early last year, this court concluded that Wilson was "easily responsible for more than 2.8 kilograms." (Docket No. 1593 in 02 CR 895.)

Counsel wisely chose to challenge other sentence guideline enhancements, including an enhancement for Wilson's role in the offense, for the protected location of the drug distribution activity, for the use of a weapon, and for obstruction of justice. A challenge to the court's drug quantity calculation would have been futile and might have detracted from the persuasive value of counsel's other arguments. A strategic decision to pursue certain arguments over others can almost never be challenged as ineffective assistance: In considering a claim of ineffective assistance of counsel, counsel's performance is viewed deferentially, "with the understanding that there is a great deal of room for disagreement among reasonable attorneys as to the appropriate strategy or tactics to employ in the course of representation." *Woods v. McBride*, 430 F.3d 813, 821 (7th Cir. 2005). *See also United States v. Dyer*, 784 F.2d 812, 817 (7th Cir.1986) ("A reviewing court may only consider those acts or omissions of an attorney that are not classifiable as an attorney's tactics.").

Nor can counsel be faulted for failing to challenge the binding nature of the Sentencing Guidelines: that was the law at the time of Petitioner's sentencing. Ultimately, after a change in the law rendered the Guidelines non-binding, the court did reduce Petitioner's sentence, so any failure to challenge the binding nature of the Guidance could not have prejudiced him.

**Ineffective Assistance on Direct Appeal**

Petitioner also challenges the effectiveness of counsel on direct appeal. That challenge fares no better. An appellate counsel's performance is deficient if he fails to argue an issue that is "both obvious and clearly stronger" than the issues he did raise. *Lee v. Davis*, 328 F.3d 896, 900–01 (7th Cir.2003). "[C]ounsel is not required to raise every non-frivolous issue on appeal." *Martin v. Evans*, 384 F.3d 848, 852 (7th Cir.2004) (citing *Mason v. Hanks*, 97 F.3d 887, 893 (7th Cir.1996)). "There is a strong presumption that counsel's performance is reasonable." *Id.* (citing *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003)).

Although the Court of Appeals noted a procedural bar to review of Petitioner's objections to certain sentencing enhancements, it did consider those enhancements to the base offense level based upon drug quantity, use of a firearm, and obstruction, and concluded that "each enhancement that the sentencing court applied was supported by credible evidence . . . ." 344 Fed. Appx. at 262. Petitioner has not identified additional arguments, nor explained how they could have generated a different analysis. Petitioner also complains that his appellate attorney failed to raise a *Brady* issue, but the record defeats that argument: Counsel did argue the matter. The Court of Appeals concluded that the evidence at issue was not material and that this court did not err in refusing to grant a new trial on this basis. *United States v. Wilson*, 481 F.3d 475, 480-82 (7th Cir. 2007).

**Jurisdictional Challenge**

Finally, Petitioner suggests in his reply brief that there is no federal jurisdiction in this case because the government alleged that the locus of the narcotics conspiracy was a building in the Rockwell Gardens public housing complex, a building that, according to Petitioner, "had no electricity, or water, or gas services . . . or tenants." (Petitioner's Reply, Docket No. 25 in 11 C 7099, at 3.) In fact, Petitioner asserts, the public housing complex was demolished in 2004. Petitioner concludes that the building was not used for any commercial purpose and that, as a result, the court lacks "interstate commerce jurisdiction" over this case. *Id.* at 4.

This case was tried in 2003, and the evidence related to a period years earlier, long before the date on which Petitioner claims the building was demolished. His "interstate commerce" argument was not presented at trial or, so far as this court is aware, on appeal. Even if it were properly preserved, the argument could not succeed. The Seventh Circuit has explained that it is "within the authority of the Congress under the Commerce Clause to create drug laws criminalizing narcotics transactions such as those found under 21 U.S.C. §§ 846 and 841." *United States v. Westbrook*, 125 F.3d 996, 1009 (7th Cir.1997). The creation of those laws was a valid exercise of congressional authority under the Commerce Clause because local narcotics activities do have a substantial effect on interstate commerce. *Id.*; *United States v. Dawson*, 425 F.3d 389, 392 (7th Cir. 2005). The case on which Wilson relies, *Jones v. United States*, 529 U.S. 848 (2000), was an arson prosecution, not a drug conspiracy case.

## CONCLUSION

Wilson has not presented a basis for relief under § 2255. This case is dismissed. Because the court concludes reasonable jurists would not differ on these issues, the court declines to issue a certificate of appealability.

ENTER:

Dated: February 13, 2014

_____
REBECCA R. PALLMEYER
United States District Judge